## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| **RAPHELLE P. FRANK** § | |
| § | |
| V. § | NO 1:05-CV-53 |
| § | |
| **JO ANNE B. BARNHART,** § | |
| **Commissioner of Social Security** § | |
| **Administration** § | |

### MEMORANDUM AND ORDER OVERRULING OBJECTIONS
### TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a Report and Recommendation suggesting that the court affirm the Commissioner's decision denying plaintiff's application for social security benefits.

Plaintiff filed timely objections. The court, therefore, conducted a *de novo* review of the objections in relation to the pleadings, record, available evidence, and applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, and for reasons stated below, the court concludes that plaintiff's objections are without merit; the magistrate judge's analysis is correct; and the Commissioner's decision should be affirmed.

Plaintiff unsuccessfully sought disability insurance benefits and supplemental security income benefits based on a mental impairment, viz., depression. In this action, the sole error submitted for judicial review is plaintiff's contention that the Commissioner's determination that

plaintiff's depression is not so severe as to be *presumptively* disabling[1] is not supported by substantial evidence. Specifically, plaintiff contends that the Commissioner's determination that plaintiff's depression does not meet "Listing 12.04" lacks substantial evidentiary support.[2]

Judicial review of the Commissioner's administrative decision is limited to examinations of whether the Commissioner applied correct principles of law and, if so, whether substantial evidence supports the Commissioner's decision. Here, plaintiff does not challenge the Commissioner's application of legal principles, nor does plaintiff object to the magistrate judge's conclusion that the Commissioner's decision exhibits no "structural error." Therefore, the sole question here is whether substantial evidence supports the Commissioner's decision that plaintiff's depression does not meet stringent requirements of Listing 12.04. See Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994) (observing that Listings criteria are demanding and stringent).

Plaintiff seeks to demonstrate lack of substantial evidence through an elliptic argument that substantial evidence does not support the Commissioner's decision because the Commissioner failed to give controlling weight to a treating source who opined that plaintiff's symptoms meet requirements of Listing 12.04. Semantics and syllogistic niceties aside, when the Commissioner is *required* to accept a treating source's opinion, it is error for the Commissioner to reject the opinion

---

[1] The Commissioner utilizes a five-step sequential analysis when considering disability claims. See 20 C.F.R. § 404.1520 (2006). At Step 3, and again at Step 5, the Commissioner may in certain instances take administrative notice of disability without benefit of additional evidence, such as expert vocational testimony, or further analysis.

[2] Appendix I, Subpart P, Part 404 of the Commissioner's regulations ( 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005)) lists various impairments that the Commissioner considers so severe as to preclude all substantial gainful activity. Such listed impairments constitute "per se disabilities." Barajas v. Heckler, 738 F.2d 641, 644 (5th Cir. 1984). Listing 12.04 deals with mental impairments called "affective disorders" which include severe depression when it corresponds to certain enumerated factors.

and render an adverse decision based on other evidence or the lack of other evidence. See Newton v. Apfel, 209 F.3d 448, 455 (2000); 20 C.F.R. § 404.1527(d)(2) (2006); Soc. Sec. R. 96-2p (1996), 1996 WL 374188, at *2. The court will consider plaintiff's objection in this context.

The magistrate judge extensively and correctly recited rudimentary principles governing administrative assessments of treating source opinion. The magistrate judge concluded that reasons expressed by the Commissioner for not giving plaintiff's treating source opinion controlling weight are proper under law. The magistrate judge then determined that the reasons expressed by the Commissioner are supported by substantial evidence of record. The magistrate judge, therefore, recommended that the Commissioner's decision be affirmed.

The plaintiff objects that the magistrate judge skipped a critical analytical step. Plaintiff argues that the magistrate judge should have looked first and exclusively at the Commissioner's regulation 20 C.F.R. § 404.1527(d)(2), wherein the Commissioner states generally when treating source opinion is afforded controlling weight. That occurs when the treating source opinion (a) is well-supported by medically acceptable clinical and diagnostic technique, and (b) is not inconsistent with other substantial evidence of record. The plaintiff then argues that since both circumstances exist in this case, the inquiry should end.

The Commissioner discredited treating source opinion in part because the Commissioner concluded it was not reached through medically acceptable clinical or laboratory techniques. Plaintiff argues that this finding is an evidentiary nullity absent *medical expert testimony* vouching that the treating source did not employ medically acceptable clinical and laboratory diagnostic

techniques. This premise, however, is incorrect. A medical expert's testimony is *required* only in very limited circumstances not present here.[3] Otherwise, the decision whether to utilize a medical expert is discretionary. See Richardson v. Perales, 402 U.S. 389, 408 (1971) (recognizing that medical advisers could, *but were not required* to be used in explaining complex medical problems to the examiner); Haywood v. Sullivan, 888 F.2d 1463, 1467 (5th Cir. 1989) ("An ALJ requests a MA [medical adviser] to testify *when she or he feels it necessary*.") (emphasis added).[4]

Plaintiff's second argument is that the Commissioner was required to accept treating source opinion as controlling here because *other medical evidence* (from a consultative examining psychiatrist and clinical records from University of Texas Medical Branch in Galveston, Texas) is consistent with treating source opinion. This argument, while factually correct to an extent, paints with too broad a brush. Other medical evidence consistent with the treating source's opinion on the threshold question of whether plaintiff has a mental impairment consisting of depression (a fact also accepted by the Commissioner) is not determinative. Rather, the critical question is whether other medical evidence is consistent with the opinion that the plaintiff's depression is of such severity as to meet the level established in Listing 12.04. Nothing in the other medical evidence cited by plaintiff establishes that his depression meets all criteria necessary to satisfy Listing 12.04. While

---

[3] An ALJ must utilize a medical adviser only when establishing the onset date of disability for slowly progressive impairments (Spellman v. Shalala, 1 F.3d 357, 362-363 (5th Cir. 1993); Soc. Sec. R. 83-20 (1983), 1983 WL 31249, at *3), or when determining whether a claimant's impairments are equivalent in severity to impairments in the Listings (SSR 96-6p). Here, plaintiff argues that his impairments meet the express Listings factors, not that his impairments are equivalent in severity to Listings impairments..

[4] Cases cited by plaintiff are inapposite. Ransom v. Heckler and Lynn v. Schweiker teach that lay administrative law judges cannot make their own independent medical findings. In no way does either case hold that an administrative law judge cannot, without benefit of expert medical testimony, evaluate whether medical evidence is credible, whether it is the product of medically acceptable clinical or laboratory techniques, and whether it is supported by other evidence of record. If plaintiff's argument were correct, a medical expert would be required in almost every case.

some clinical notes can be viewed as evidencing presence of *some* Listing factors, they also can be viewed as not fully supporting the existence of *all* required factors. The highly deferential standard of judicial review compels the court to acknowledge that the Commissioner's prerogative is to determine not only whether other medical evidence is consistent, but also the *extent* to which other medical evidence of record supports the treating physician's opinion.

Thus, under plaintiff's preferred analytical model, the Commissioner was not bound to accept the treating source's opinion as controlling. But even if the court assumes *arguendo* that the core prerequisites of the regulation were met, it would not follow inevitably that the Commissioner erred in rejecting treating source opinion. Circuit law permits the Commissioner to reject treating source opinion for any good cause. Good cause may exist when – as here – the treating source's statements are conclusory and brief.[5] Myers v. Apfel, 238 F.3d 617, 621 (5th Cir. 2001). Good cause obviously may exist when – also as here – the treating source's opinion is unsupported by his own clinic notes or when the opinion is contradicted by the claimant's own testimony. Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995)

Finally, good cause may exist when a treating source appears to be "leaning over backwards to support the application for disability benefits." Scott v. Heckler, 770 F. 2d 482, 485 (5th Cir. 1985). In this case, the Commissioner could reject the treating source opinion on that basis alone. The treating source, having not examined or treated the plaintiff for more than a year, having never recorded any notation in clinical notes suggesting presence of Listing 12.04 factors, and having noted that the plaintiff's depression *improved* with medication and cognitive therapy, submitted a last-

---

[5]  Tr. 510; see Tr. 390-396

minute check-listed form conveniently stating, without explanation, that plaintiff's depression exhibits most of the Listing 12.04 factors. Such circumstances suggest subjective support for the application rather than objective diagnoses.

For the foregoing reasons, the court will overrule plaintiff's objections, adopt the magistrate judge's report and affirm the Commissioner's decision. In overruling plaintiff's objections, however, the court does not fully embrace the Commissioner's decision. The court agrees with the magistrate judge's observations that the administrative law judge (whose decision the Commissioner adopted as her own) reached a "debatable" conclusion as to the findings of the consultative examining psychiatrist. The court further agrees with the magistrate judge's apparent impression that the administrative law judge took a cheap shot when opining that missing evidence (results of a "Beck Depression" test) likely contained evidence adverse to the plaintiff. Finally, the court is left to wonder why the administrative law judge did not trouble himself to develop more expert and specific evidence regarding "Hamilton Depresssion Inventory" and "Beck Depression" scores that the judge considered unreliable.

These concerns leave the court with an unsettling hunch that it might have reached a different conclusion than the Commissioner. However, as the magistrate judge correctly stated, a reviewing court lacks the prerogative to make a *de novo* determination. In a substantial evidence review, the court's role is limited to ascertaining whether the Commissioner was confronted with a conspicuous absence of credibility choices. Such was not the case here, and the court is bound to affirm, even if doing so leaves an intuitively unpleasant aftertaste.

## **ORDER**

Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered, affirming the Commissioner's decision and dismissing this case.

**SIGNED** this the **2** day of **October, 2006.**

_____
Thad Heartfield
United States District Judge